D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PARIS MAURICE MILLER,

                            Plaintiff,

                  - against -                                  **ORDER**
                                                                 11-CV-2770 (SJF)(WDW)

CORRECTION OFFICER INCAMMICIA, C.O. GERRATO, SGT.
FASANO, SGT. FEERY, SGT. NUCKEL, C.O. COOLEEN, CPT.
FORD, SGT TOBIN, SGT. SHERMAN, C.O. JOHNSON, C.O.
NAUGHTON, C.O. TORCHIA, C.O. GROSS, C.O. ARIMINI,
C.O. BARBER, C.O. ESTEVEZ, C.O. MORHMAN, COUGHLIN,
C.O. HENSHAW, CPL. GILLOOLEY, C.O. PUGH, C.O. NOBLE,
C.O. NAUSS, CPL LANNING, CPL. FRIES, SGT. KERZNER,
C.O. LIBRANDI, C.O. LUMA, SGT. DELA HUNTY, C.O.
MANKOWSKI, C.O. DEMAIO, C.O. MCAFFREY, SGT.
KRUEGER, C.O. GEIER, C.O. MCKENNA, C.O. PRICE, P.O.
WILKINSON, C.O. ACCORDINO, C.O. JONES, C.O. PETTE,
C.O. IMHOF, C.O. NAIDA, SGT. KRUETZ, C.O. GIRIADINO,
C.O. CURCIO, SW CHRISTINE CALUVARO, DR. VINCENT
MANETTI, MH, C.O. VARGAS, C.O. KLEIN, DR. KAMIL
ATTA, MH, HARVEY, CPT. BOYD, DR. LEON BRYAN, PSYD,
C.O. HARRISON, DR. BENJAMIN OKONTA, MD, C.O.
SULLIVAN, DR. STEPHEN KINGSTON, C.O. RANT, C.O.
SARGEANT HEINZ, C.O. GRIEBEL, CPL. LEWIS, C.O.
WILKINSON, C.O. KENNEDY, SGT. STASTO, SGT.
MCNAMARA, CPL INGRISSIA, and CPL. HARDY,

                          Defendants.
-----------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ JUL 06 2011 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.     Introduction

       On May 11, 2010, incarcerated *pro se* plaintiff Paris Miller ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against seventy (70) named defendants who are all corrections officers or staff at the Nassau County Correctional Center ("N.C.C.C.") or medical

personnel, together with an application to proceed *in forma pauperis*.[1] Plaintiff has also submitted an application for the appointment of *pro bono* counsel. Upon review of the declaration accompanying plaintiff's application, plaintiff's financial status qualifies him to commence this action without the prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons discussed herein, the complaint is *sua sponte* dismissed in part and the application for the appointment of *pro bono* counsel is denied without prejudice and with leave to renew upon the completion of discovery, if so warranted at that time.

II.     The Complaint

Plaintiff alleges that his civil rights have been violated by "N.C.C.C. staff members in 2008, 2009 & 2010 & even as far back as 2002 and 2004." Compl. at 8. Plaintiff contends that, on June 10, 2009, defendant corrections officer Gross gave plaintiff's clothes to another inmate after the clothing "got mixed up" in the laundry. *Id.* Plaintiff claims that he was "furious" and "stuffed [his] toilet with a towel in protest [and] caused a small flood on the tier." *Id.* Following this incident, plaintiff claims that the correctional staff "lied" and wrongfully arrested him for aggravated harassment. *Id.*

Plaintiff claims that, on June 12, 2009, defendant corrections officers Gross and Griebel "came to my cell door [and] knocked . . . [and] open[ed] my food slot [and] sprayed my face with

---

[1] Plaintiff filed his complaint with the United States District Court for the Southern District of New York and, by Transfer Order also dated May 11, 2010, Judge Preska transferred this case to the Eastern District of New York. However, due to an administrative error, the Transfer Order and case file were not sent to this Court until June 8, 2011.

... pepper spray." *Id.* Plaintiff alleges that these officers then entered his cell, handcuffed him while he lay on his bed, and sprayed his face with pepper spray.

Plaintiff claims that corrections officers Johnson, Arimini,, Luma, Librandi, Henshaw and Corporal Lanning "stole" and destroyed his personal property, including an "envelope with my small claims lawsuit package," "small claims lawsuit papers," a "brand new New World Translation of the Holy Scriptures Bible," magazines, and a book entitled "Monster" by Walter Dean Meyers. *Id.* at 9-10, ¶ II. D.

According to the complaint, "on many occasions in 2009 beginning on [July 3, 2009]" unidentified "correctional staff denied [plaintiff] meals." *Id.* at 9. As a result, plaintiff claims to have lost forty (40) pounds between his arrival at N.C.C.C. on May 22, 2009 and August 19, 2009, causing him to collapse in the shower and bruise his "right elbow, right knee, right ring finder and left index finger." *Id.* at 10, ¶ III. Plaintiff alleges that defendant Captain Ford ordered defendant Dr. Benjamin Okonta M.D. "to deny [plaintiff's request for] double portions on [August 13, 2009]." *Id.* at 10. Unnamed "staff" members working on the "B3D Block" and "D2D Block" are also alleged to have denied plaintiff extra portions and meals in July and August of 2009. *Id.* at 9, 10. Plaintiff alleges as a result of his weight loss he was "put on resource protein shakes [and] a double portions high calorie diet." *Id.* at 9.

Plaintiff requests that the Court direct the "Office of the U.S. Attorney General Eric Holder [to] investigate [his] many complaints against [the Nassau County Correctional Facility, and] I want the F.B.I. to assist them in doing so, [and] for criminal charges to come . . . ." *Id.* ¶ V. Plaintiff seeks to recover monetary damages in the sum of one hundred fifty million dollars ($150,000,000.00) as well as an additional ninety million dollars ($90,000,000.00) in punitive

damages.

III. Discussion

    A.    The Prison Litigation Reform Act

Pursuant to 28 U.S.C. 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. 1915A(a). A district court shall dismiss a prisoner's complaint *sua sponte* if the complaint "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe it "to raise the strongest arguments" suggested. Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). At the pleading stage of the proceeding, the Court must assume the truth of "all nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, ---U.S.---, 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

B. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . . .

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed.2d 791 (1985)).

The applicable statute of limitations for a Section 1983 action is governed by "the law of the state in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed.2d 973 (2007). In New York, the general statute of limitations for personal injury claims is three (3) years. *See* N.Y. C.P.L.R. § 214(5). Insofar as plaintiff seeks to assert Section 1983 claims for conduct alleged to have occurred "as far back as 2002 and 2004," Compl. at 8, such claims are well beyond the statute of limitations and are time-barred.[2]

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Although plaintiff names approximately seventy (70) individuals as defendants in the caption, he attributes specific conduct to only nine (9) individuals: defendants Johnson, Arimini, Lanning, Librandi, Luma, Gross, Ford, Griebel and Henshaw. Plaintiff's complaint is wholly devoid of any factual allegations of personal involvement in the alleged misconduct by any of the other named individuals. Plaintiff's Section 1983 claims against those defendants are dismissed with prejudice unless plaintiff files an amended complaint which properly states additional viable claims within thirty (30) days from the date that this order is served with notice of entry upon the plaintiff.

---

[2]The Court notes that plaintiff alleges that he first arrived at Nassau County Correctional Facility on May 22, 2009. Compl. ¶ III.

### C. Criminal Charges Against the Defendants

Insofar as plaintiff also seeks to compel federal agencies to conduct an investigation of plaintiff's claim and bring criminal charges against the defendants, plaintiff has no private right of action to enforce criminal statutes and is without authority to institute an investigation by the United States Attorney General or the Federal Bureau of Investigation. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); see also Storm-Eggink v. Gottfried, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order) (affirming dismissal of *pro se* complaint because, *inter alia*, there is no private right of action to enforce criminal laws); Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972). Accordingly, such claims are dismissed with prejudice.

### D. Appointment of Counsel

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." A district court possesses substantial discretion to determine whether the appointment of counsel for civil litigants is appropriate, "subject to the requirement that it be guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to assign counsel to an indigent civil litigant under 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Cooper, 877 F.2d at 174; see also Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); Carmona v. United

States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); Hodge v. Police Officers, 802 F.2d 58, 59 (2d Cir. 1986). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632. If the Court finds that there is some likelihood of merit to the litigant's position, it should next consider:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; Johnston, 606 F.3d at 41-42; Carmona, 243 F.3d at 632. None of the factors are controlling and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Upon review of plaintiff's application and complaint and in consideration of the above standards, the appointment of *pro bono* counsel is not warranted at this stage of the litigation. Although there may be merit to plaintiff's claims, the legal issues presented in this case are not particularly complex; and there is no special reason to appoint counsel at this time. Accordingly, plaintiff's application for the appointment of counsel is denied without prejudice to renewal. In the interim, plaintiff must either retain counsel or proceed *pro se*.


IV. Conclusion


For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed against all of the defendants except Johnson, Arimini, Lanning, Librandi, Luma, Gross, Ford, Griebel, and Henshaw. Accordingly, the Clerk of Court shall issue summonses solely as to defendants Johnson, Arimini, Lanning, Librandi, Luma, Gross, Ford,

Griebel and Henshaw. The United States Marshal shall serve the summons and complaint along with a copy of this order upon defendants Johnson, Arimini, Lanning, Librandi, Luma, Gross, Ford, Griebel and Henshaw without prepayment of the filing fee. A courtesy copy of the same papers shall be mailed to the Nassau County Attorney.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: July 6, 2011
Central Islip, New York