UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PARIS MAURICE MILLER,

                        Plaintiff,

    -against-

CPT. FORD, C.O. JOHNSON, C.O. GROSS,
C.O. ARIMINI, C.O. HENSHAW, CPL. LANNING,
C.O. LIBRANDI, C.O. LUMA, and C.O. GRIEBEL,

                        Defendants.
------------------------------------------------------------X

**ORDER**
11-CV-2770 (SJF)(GRB)

FEUERSTEIN, District Judge:

By Order dated July 6, 2011, the Court granted plaintiff's application to proceed *in forma pauperis*, denied plaintiff's request for the appointment of *pro bono* counsel, and *sua sponte* dismissed the complaint without prejudice as against all defendants except Ford, Johnson, Gross, Arimini, Henshaw, Lanning, Librandi, Luma, and Griebel. [Docket Entry No. 7].

On July 20, 2011, the Court's *Pro Se* Office sent a courtesy copy of the *Pro Se* Manual to plaintiff at the address he provided to the Court. On August 4, 2011, the *Pro Se* Manual was returned to the Court as undeliverable with a notation "unable to forward." The Court has attempted to locate the plaintiff through the New York State Department of Corrections Prisoner Locator program without success. Thus, it appears that plaintiff has been discharged and has not provided the Court with a current address. Given plaintiff's failure to update his contact information, it is impossible for the Court to communicate with him. Moreover, plaintiff has not contacted the court since filing his application on May 9, 2011 for the appointment of *pro bono* counsel.

Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to

dismiss a plaintiff's case . . . for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that *pro se* litigants are obligated to comply with procedural rules when the rule can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted).

As stated to plaintiff in a letter from the Court dated June 10, 2011, it is plaintiff's "duty to keep [the Court] informed of any change of address . . . ." [Docket Entry No. 5]. Nevertheless, plaintiff has not updated his address with the Court, nor has he communicated with the Court since May 2011. Accordingly, the Complaint is dismissed without prejudice for failure to prosecute. *See Austin v. Lynch*, 10-CV-7534, 2011 WL 5924378, at *2 (S.D.N.Y. Nov. 29, 2011) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). The Clerk of Court is directed to close this case.

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: December 6, 2011
Central Islip, New York